MEMORANDUM *
Francisco Salazar, Jr. appeals the decision of the district court that denied his motion to suppress evidence obtained by a warrantless download of electronic data from his cellular phone incident to his arrest, and from a canine inspection of his automobile on September 19, 2012. We have jurisdiction under 28 U.S.C. §§ 1291 & 1294(1). We find for the appellant and reverse the order of the district court.
The district court denied Salazar's motion to suppress without the benefit of Riley v. California, - U.S. -, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), in which the Supreme Court held that the search of a cellular phone incident to arrest, absent exigency, requires a probable cause warrant. The evidentiary record may be sparse and unclear as to how the warrantless cellular phone search affected Salazar's guilty plea, but the law as to this issue is substantial and clear. See Riley, 134 S.Ct. at 2493; see also United States v. Camou, 773 F.3d 932 (9th Cir.2014). The district court's failure to suppress the evidence obtained from the unlawful search must be reversed.
The district court also lacked the benefit of United States v. Thomas, 726 F.3d 1086, 1096-97 (9th Cir.2013), cert. denied, - U.S. -, 134 S.Ct. 2154, 188 L.Ed.2d 1139 (2014), where this court concluded that redacted canine training records were inadequate to demonstrate a canine's reliability for a probable cause finding to justify a subsequent search.
The issue regarding the canine reliability determination in this case is not whether a mathematical review of numerical scores on submitted forms demonstrate that the dog in this case, Charley, is a good dog, or that Beny-A, the dog in Thomas, may have been a bad dog, as the dissent's analysis indicates. The issue is whether the government fulfilled its duties to provide Salazar with a fair hearing before the district court. See Florida v. Harris, - U.S. -, 133 S.Ct. 1050, 1055-1058, 185 L.Ed.2d 61 (2013).
The government has long been on notice that a defendant in a case such as this one is entitled to canine training records and that their disclosure is mandatory. United States v. Cedano-Arellano, 332 F.3d 568, 573 (9th Cir.2003); see also United States v. Cortez-Rocha, 394 F.3d 1115, 1118 n. 1 (9th Cir.2005). These types of records are "crucial to [a defendant's] ability to assess the dog's reliability, a very. important issue in his defense, and to conduct an effective cross-examination of the dog's handler." Cedano-Arellano, 332 F.3d at 571 (emphasis added).
The government submitted the un-redacted canine training records to this panel on appeal. Under Cedaiw-AreUano this is insufficient to cure the error. Id. at 573. It is at the district court, where the facts are determined, testimony is subject *492 to searching cross-examination, and the ev-identiary record is compiled, that unre-dacted canine records must, at a minimum, be presented to the judge in camera for review and considered in light of the specific facts at issue in the trial. Id.
We would deprive the district court of its proper function were we to allow the government to successfully circumvent the usual rules of criminal procedure, Fed. R.Crim.P. 16, and the requirements of Ninth Circuit precedent, Thomas, 726 F.3d at 1096-97, by introducing mandatory un-redacted training records only when a case is on appeal. “[A] probable-cause hearing focusing on a dog’s alert should proceed much like any other. The court should allow the parties to make their best case, consistent with the usual rules of criminal procedure. And the court should then evaluate the proffered evidence to decide what all the circumstances demonstrate. If ... the defendant has challenged the State’s case (by disputing the reliability of the dog overall or of a particular alert), then the court should weigh the competing evidence.” Harris, 133 S.Ct. at 1058 (emphasis added).
“The question ... is whether all the facts surrounding a dog’s alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime.” Id. The lens of common sense used in answering this question should only on rare occasion be darkened by the government’s redacting pen.
In this case, the defendant challenged the canine’s reliability and points to specific instances where the unredacted canine training records, along with effective cross-examination, may have “changed the ultimate determination that the agents had [probable cause] to support their search[.]” Cedano-Arellano, 332 F.3d at 574.
We therefore reverse and remand to the district court for further proceedings in light of intervening case law.
Per the Conditional Plea Agreement between Salazar and the government filed May 21, 2013, and Fed.R.Crim.P. 11(a)(2), Salazar is permitted to withdraw his plea of guilty to 21 U.S.C. §§ 841(a)(1) and 846. See United States v. Mejia, 69 F.3d 309 (9th Cir.1995).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.